# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| CLIFTON DWAIN TUELL, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. CIV-16-86-D |
| KINGFISHER COUNTY et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Clifton Dwain Tuell, a state inmate appearing pro se and proceeding *in forma pauperis*, has filed suit under 42 U.S.C. § 1983, seeking damages against three Oklahoma counties for requiring Plaintiff to register as a sex offender after his ten-year registration period expired. Compl. (Doc. No. 1) at 1-9.[1] United States District Judge Timothy DeGiusti has referred Plaintiff's case to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636. For the reasons that follow, the undersigned recommends that the Complaint be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

STANDARD OF REVIEW

The Court must screen Plaintiff's complaint in order to identify its cognizable claims and to dismiss the pleading, or any portion thereof, if it is frivolous or malicious,

---

[1] Citations to documents filed with the Court use the page and exhibit numbers assigned by CM/ECF. When quoting from the Complaint, the undersigned has occasionally altered capitalization, punctuation, and unambiguous abbreviations and spelling errors to improve readability.

fails to state a claim upon which relief can be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). To survive dismissal a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). A claim is facially plausible when the well-pled factual allegations, accepted as true and viewed in the plaintiff's favor, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" under the governing law. *Iqbal*, 556 U.S. at 678, 679; *see Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013). A pro se plaintiff's complaint is "construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," so that any potentially valid claim can be fairly decided on its merits. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a pro se plaintiff must allege "facts on which a recognized legal claim could be based," *id.*, and district courts should not "construct . . . claims or grounds [for] relief" not fairly presented in the complaint, *Windsor v. Colo. Dep't of Corr.*, 9 F. App'x 967, 970 (10th Cir. 2001).

PLAINTIFF'S ALLEGATIONS AND RELIEF SOUGHT

In June 1993, Plaintiff was convicted of lewd molestation in the District Court of Kingfisher County, Oklahoma. Compl. Ex. 1 (Doc. No. 1-1) at 1 (citing *Oklahoma v.*

*Tuell*, No. CF-1992-83 (Kingfisher Cnty. Dist. Ct.)).[2] Plaintiff explains that at sentencing, the trial court ordered him to register as a sex offender for ten years following completion of his sentence in July 1997. Compl. at 4; *see also* Habeas Pet. (Doc. No. 1) at 6, *Tuell v. Garfield Cnty. Jail*, No. CIV-14-793-C (W.D. Okla. July 25, 2014) (Plaintiff asserting that he was released from prison on July 19, 1995, and completed his term of probation on July 19, 1997).[3] In 2006, Plaintiff confirmed with local officials in Tecumseh, Oklahoma, that his ten-year registration period would expire on July 19, 2007. *See* Compl. at 4, 7.

Plaintiff relocated to Oklahoma City in 2006 or 2007. When Plaintiff tried to remove his name from the sex-offender registry after July 19, 2007, however, local officials refused and told Plaintiff that he "had to register for the rest of [his] life." Compl. Ex. 1, at 3; *see also* Compl. at 3, 7. For the next few years, Plaintiff "had to go downtown" four times each week and personally "sign in" to the registry. Compl. at 4; *see also* Compl. Ex. 1, at 3. Local officials told Plaintiff that "they would send [him] back to prison for 7 more years" if he did not continue to register as a sex offender.

---

[2] In contrast to Plaintiff's other state-court proceedings, the docket for *Oklahoma v. Tuell*, No. CF-1992-83, is not publicly available online through http://www.oscn.net. The Oklahoma Department of Corrections' online database reflects that on June 8, 1993, Plaintiff was convicted of lewd molestation in Kingfisher County case number 92-83 and sentenced to a term of eight years' imprisonment followed by two years' probation. http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=198963&offender_book_id=91533 (last visited Nov. 30, 2016).

[3] The undersigned takes judicial notice of the available dockets and filings for Plaintiff's state-court proceedings and of statements that has Plaintiff has made in other filings in this Court.

Compl. at 3. Plaintiff reluctantly complied with the officials' instructions because he "thought they knew what they [were] talking about." Compl. Ex. 1, at 3.

Plaintiff was also required to register as a sex offender when he moved to Garfield County in 2011. *Id.* at 4. Plaintiff tried to explain to local officials that his registration period had expired in July 2007, but, according to Plaintiff, no one "ever look[ed] this up" before requiring him to register. *Id.* In October 2013, Plaintiff was arrested in Garfield County "for living too close to a school." *Id.*; *see also Tuell v. Garfield Cnty. Jail*, No. CIV-14-793-C, 2014 WL 4808995, at *1 (W.D. Okla. Sept. 24, 2014) (noting that Plaintiff had recently "been charged with the crime of being a registered sex offender residing too near a school" and abstaining from exercising jurisdiction over Plaintiff's habeas petition). Plaintiff was detained for eleven months before state prosecutors dropped the charge. Compl. at 4; *see also* Mot. & Order of Dismissal, *Oklahoma v. Tuell*, No. CF-2013-532 (Garfield Cnty. Dist. Ct. Aug. 28, 2014). Plaintiff vaguely suggests that the charge was dismissed because he was not legally required to register as a sex offender when he was arrested in October 2013. *See* Compl. Ex. 1, at 2-3. It is not clear whether Plaintiff was still under orders to register and periodically report to local law-enforcement officials when he filed this lawsuit in February 2016.

### Named Defendants and Relief Sought

Plaintiff names three political subdivisions as Defendants to this § 1983 action: Garfield County, Oklahoma; Kingfisher County, Oklahoma; and Oklahoma County, Oklahoma. Compl. at 1, 4, 6-7. Plaintiff seeks $20 million in damages to compensate him for the inconvenience and emotional distress of having to register as a sex offender

and to personally check in with local law-enforcement officials after his ten-year registration period should have expired.[4] *See id.* at 4, 9; Compl. Ex. 1, at 3-4.

ANALYSIS

To state a claim for relief under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *accord Jones v. City & Cnty. of Denver*, 854 F.2d 1206, 1209 (10th Cir. 1988) ("Section 1983 does not . . . provide a basis for redressing violations of *state* law, but only for those violations of *federal* law done under color of state law."). A plaintiff who seeks damages against a local-government entity under § 1983 must also "identify a municipal 'policy or custom' that caused the" alleged constitutional violation. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978)). Determining whether a pleading clears this threshold is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"

---

[4] Notably, Plaintiff has not named as Defendants the individual officials who allegedly refused to remove Plaintiff's name from the registry, told him that he now had to register for life, refused to confirm whether his registration obligation had expired, or threatened him with incarceration if he did not continue to comply with the in-person registration requirement. *See* Compl. at 1, 3-4, 6-7; Compl. Ex. 1, at 2-3, 4. It appears that this omission was intentional, and that Plaintiff wants to bring suit only against the counties themselves. *See, e.g.*, Compl. at 4 ("I think every county should have to pay me for all the time out of work homeless because I had to go downtown to the registry and sign in 4 times a week for about 4 years after I had been done with the 10 years that I had to register."); Compl. Ex. 1, at 3-4 ("I think OKC and Garfield County need to compensate me for all of the 7 years I had to register and I didn't have to register.").

5

understanding of the constitutional violation alleged. *Iqbal*, 556 U.S. at 679; *see also Burnett*, 706 F.3d at 1236 ("Pleadings that do not allow for at least a 'reasonable inference' of the legally relevant facts are insufficient." (quoting *Iqbal*, 556 U.S. at 678)).

Plaintiff's sparse pleading largely "fails to provide the information necessary to inform the district court whether relief is available, or to allow [Defendants] to file a meaningful and responsive pleading." *Bakalov v. Utah*, 4 F. App'x 654, 657 (10th Cir. 2001). The "misconduct alleged," *Iqbal*, 556 U.S. at 678, is clear enough: local officials in Oklahoma County and Garfield County required Plaintiff, under threat of incarceration, to register as a sex offender and personally report to local law-enforcement officials for several years even after Plaintiff insisted that his registration obligation had expired. *See* Compl. 3-4, 7. Plaintiff, however, does "not tak[e] the subsequent step of linking [any] possible violation" of the federal constitution arising from this misconduct "to a municipal[] custom or policy" attributable to Garfield County, Kingfisher County, or Oklahoma County. *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1318 (10th Cir. 2002).[5]

---

[5] The Tenth Circuit has analyzed similar factual allegations under both the Ex Post Facto Clause, U.S. Const. art. I, § 10, and the Due Process Clause, U.S. Const. amend. XIV, § 1. *See, e.g.*, *Shaw v. Patton*, 823 F.3d 556, 559-61 (10th Cir. 2016) (holding that retroactive application of Oklahoma's extended registration period and new in-person reporting requirements to convicted sex offender whose ten-year registration period had already expired when he moved to Oklahoma did not violate the Ex Post Facto Clause); *Brown v. Montoya*, 662 F.3d 1152, 1167-72 (10th Cir. 2011) (holding that plaintiff-probationer who had not been convicted of a qualifying sex offense stated a procedural (but not a substantive) due process claim against defendant-probation officer who required plaintiff to register as a sex offender); *see also Romero v. Lander*, 461 F. App'x 661, 667-68 (10th Cir. 2012) (holding that plaintiff's Ex Post Facto Clause and Due Process Clause challenges to his erroneous classification as a sex offender were barred by Colorado's two-year limitations period). Plaintiff for his part does not specify the federal

None of the counties can be held liable under § 1983 unless Plaintiff identifies a municipal policy or custom that "was the moving force behind" the local officials' allegedly unconstitutional conduct. *Brown*, 520 U.S. at 404 (internal quotation marks omitted); *cf. Montoya*, 662 F.3d at 1165-66 (holding that plaintiff failed to state a § 1983 claim against his probation officer's supervisor because the complaint did "not even mention the [p]olicy" on which the probation officer "allegedly relied to classify [plaintiff] as a sex offender"). Accordingly, the well-pled facts alleged in Plaintiff's Complaint, accepted as true and viewed in his favor, do not state a claim upon which relief can be granted against any named Defendant.

## RECOMMENDATION

The undersigned recommends that the Complaint (Doc. No. 1) be dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before December 21, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

constitutional provision he contends was violated. *See generally* Compl. at 2-4, 7-9; Compl. Ex. 1, at 3-4.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 30th day of November, 2016.

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE